IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARLENE R. ATHERTON,<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF GLENWOOD SPRINGS COLORADO, GLENWOOD SPRINGS POLICE DEPARTMENT, et. al.,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:19-cv-00379**<br><br>**District Court Judge Dee Benson**<br><br>**Magistrate Judge Dustin B. Pead** |

The court approved Plaintiff Arlene R. Atherton's application to proceed *in forma pauperis* (ECF No. 2), *see* 28 *id.* § 1915, and Plaintiff's *pro se* complaint was filed on May 31, 2019. (ECF No. 3.) On July 23, 2019 District Court Judge Dee Benson referred the case to this court pursuant to a 28 U.S.C. §636(b)(1)(B) referral. (ECF No. 5.)

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). As the party invoking federal subject matter jurisdiction, Ms. Atherton has the burden of establishing that jurisdiction exists. *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because Ms. Atherton is *pro se*, the court has carefully reviewed her complaint with an eye toward liberal construction of the pleading. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

After review of Plaintiff's hand-written complaint, the court is unable to identify any basis for this court's jurisdiction. Plaintiff provides her address as Chicago, Illinois and names five Defendants all of which are governmental entities, or individuals working for governmental entities, located in the state of Colorado. In turn, the basis for Ms. Atherton's allegations appear to stem from a criminal citation, and possible detention, issued by the Police Department of Glenwood Springs, Colorado, for false reporting, attempted assault, obstructing a police officer and trespassing. (ECF No. 3-3.) As injury, Plaintiff claims the loss of "valuable research [and] document preparation time" for her Supreme Court appeal. (ECF No. 3 at 2.)

Federal courts are courts of limited jurisdiction. As such, they possess only that power authorized by the Constitution and statute. *See Willy v. Coastal Corp.,* 503 U.S. 131, 136-137, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992). The burden of establishing federal jurisdiction rests upon the party asserting it. *Marcus v. Kan. Dept. of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999). Absent diversity or federal question jurisdiction, this court is prohibited from hearing Ms. Atherton's case and dismissal is appropriate. *See Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224-25 (10th Cir. 2004); Fed. R. Civ. P. 12(b)(1). Here, Plaintiff establishes neither. The federal District Court of Utah is not the proper forum for Ms. Atherton, as a resident of Illinois, to challenge a criminal action issued by the City of Glenwood Springs, Colorado. Moreover, to the extent that Ms. Atherton seeks review of any Colorado state court rulings or judgments such review is within the exclusive jurisdiction of the Supreme Court of the United States. *See District of Columbia Court o*f *Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Bolden v. City of Topeka*, 441 F.3d 1129, 1140 (10th Cir. 2006) ("The *Rooker-Feldman*

doctrine prohibits federal suits that amount to appeals of state-court judgments."); *see also* 28 U.S.C. § 1257(a) (providing the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had

For these reasons, the court lacks subject matter jurisdiction over this action and RECOMMENDS that the action be dismissed without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 9th day of August, 2019.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge